## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

───

(302) 658-9200
(302) 658-3989 FAX

Stephen J. Kraftschik
(302) 351-9378
(302) 498-6233 FAX
skraftschik@mnat.com

June 13, 2018

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6325, Unit 9
Wilmington, DE 19801-3556

      Re:    *Am. Cruise Lines Inc. v. HMS Am. Queen Steamboat Co. LLC, et al.*,
             C.A. No. 13-324 (RGA)

Dear Judge Andrews:

      The parties submit this joint status report pursuant to the Court's Order of June 19, 2017 (D.I. 255) in connection with the Status Conference scheduled for Friday, June 15, 2018, at 2:00 PM.

**Trial Protocol**:

      **Plaintiff's Proposed Trial Protocol:**

      [In order to meet the Court's direction to conduct the trial in this suit in a reasonable amount of time, i.e., one or more trials, each not to exceed five (5) days, Plaintiff proposes the following protocol:

      The trial scheduled to start during the period from October 22 and to complete by November 9 would focus on the events leading up to and pertaining to the core trademark dispute between the parties. That is, the trial would address the evidence relevant to issues of liability (claims and defenses) and damages associated with:

      A.    ACL's claims in Count II of ACL's Fourth Amended Complaint (FAC) (D.I. 129) for trademark infringement and unfair competition based on ACL's registered tradename mark AMERICAN CRUISE LINES, including proof of facts pertinent to the registration and strength of that mark, and proof of HMS's allegedly infringing use of the company tradename AMERICAN QUEEN STEAMBOAT

The Honorable Richard G. Andrews
June 13, 2018
Page 2

        COMPANY, as well as any remaining affirmative defenses to these claims. D.I. 258 at 38.

B.     HMS's claims for trademark infringement and unfair competition based on ACL's use of its "American" vessels on the Mississippi and Columbia/Snake rivers (i.e. Count II, Count IV, Count V (in part) and Count VI (in part) of HMS's Counterclaim, D.I. 132), as well as any affirmative defenses, including abandonment (including assignment in gross), to these claims. D.I. 258 at 34.

C.     With respect to the claims in A and B above, in accordance with the standards announced in *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460 (3d Cir. 1983), a variety of facts may be relevant to the likelihood of confusion element of trademark infringement in the Third Circuit. These may include, for instance, the results of each party's use of the other party's trademark in "pay-per-click" advertising.

D.     Regarding ACL's claim in Count 1 of the FAC for breach of contract D.I. 258 at 26, ACL will prove its damages. This will take one witness for approximately 30 minutes trial time. Trial of HMS' affirmative defense also would be brief.

The remaining claims would be deferred until after the trial on the merits of the above claims and a second trial would be held, if necessary.]

**Defendants' Proposed Trial Protocol:**

[In order to meet the Court's direction to conduct the trial in this suit in a reasonable amount of time, i.e., one or more trials, each not to exceed five (5) days, the Defendants propose the following protocol:

The initial trial scheduled to start during the period beginning October 22 and to complete by November 9 would focus on the events leading up to and pertaining to the core trademark dispute between the parties. That is, the trial would address the evidence relevant to issues of liability (claims and defenses) and damages associated with:

A.     ACL's claims in Count II of ACL's Fourth Amended Complaint (FAC) (D.I. 129) for trademark infringement and unfair competition based on ACL's registered tradename mark AMERICAN CRUISE LINES, including proof of facts pertinent to the registration and strength of that mark, and proof of HMS's allegedly infringing use of the company tradename AMERICAN QUEEN STEAMBOAT COMPANY, as well as any affirmative defenses related to this count.

B.     ACL's claims for trademark infringement and unfair competition based on ACL's registration of the vessel name marks AMERICAN GLORY, AMERICAN SPIRIT, AMERICAN STAR, and AMERICAN EAGLE and HMS's allegedly infringing use of vessels named "American Queen", "American Empress," and

The Honorable Richard G. Andrews
June 13, 2018
Page 3

        "American Duchess", as well any affirmative defenses related to this count. FAC Count II.

    C.    HMS's claims for trademark infringement and unfair competition based on ACL's use of its "American" vessels on the Mississippi and Columbia/Snake rivers (i.e. Count II, Count IV, Count V (in part) and Count VI (in part) of HMS's Counterclaim, D.I. 132), as well as any affirmative defenses related to this count.

The remaining claims would be deferred until after the trial on the merits of the above claims and a second trial would be held, if necessary, on these remaining claims at a time at which the parties and the Court are available. These would include the following claims:

    A.    ACL's claim for cybersquatting.

    B.    FAC Count VI. ACL's claim for breach of contract (FAC Count I) and HMS's claim that ACL preemptively breached the Agreement, D.I. 258 at 26

    C.    Both parties' claims for separate liability arising out of the use by each party of marks of the other party in paid Internet search terms. (FAC Count II (in part), Count III, Count IV (in part), COUNT V (in part), Count VII (in part), and Count VIII (in part)) and Counterclaim Count I, Count III, Count V (in part) and Count VI (in part)). The parties reserve the right to seek to introduce this as evidence potentially relevant to the core trademark claims in dispute (paragraphs A and B above), but not as a separate basis of liability.]

**Supplementation of discovery**:

The parties have exchanged initial proposals for supplementation of discovery, but have not reached agreement. The parties will jointly report to the Court on this issue by June 29.

**Modification of Protective Order as to "Counsel of Record Only"**:

The parties agree that some relaxation of the provisions of the Stipulated Protective Order Governing Confidential Information (D.I. 33) concerning documents marked "Highly Confidential - Counsel of Record Only" is needed to permit client involvement in preparation for trial. Counsel propose to confer and submit a proposal to the Court by June 29.

        Respectfully,

        */s/ Stephen J. Kraftschik*

        Stephen J. Kraftschik (#5623)

SJK:/bac
cc:    Clerk of Court (by hand deliver)
       All Counsel of Record (by e-mail)