IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN CRUISE LINES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-324 (RGA) |
| | ) | |
| HMS AMERICAN QUEEN STEAMBOAT | ) | |
| COMPANY LLC and AMERICAN QUEEN | ) | |
| STEAMBOAT OPERATING COMPANY, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND [PROPOSED] ORDER
ON CERTAIN PRETRIAL MATTERS**

WHEREAS, the Court has set this matter for trial on two alternative dates:  November 5, 2018 and January 7, 2019;

WHEREAS, the Court had previously entered a Stipulated Protective Order Governing Confidential Information (D.I. 33) on August 15, 2013 and where the parties have agreed to modify the terms of that Protective Order in contemplation of the upcoming trial date; and

WHEREAS, the parties request the opportunity to each file one additional Motion *in Limine* (up to 4 total) as part of their pretrial submission;

IT IS HEREBY STIPULATED by the parties, subject to the Court's approval, that:

(1) The trial date of November 5, 2018 is hereby remanded and the trial of this matter shall commence on Monday, January 7, 2019;

(2) The Stipulated Protective Order Governing Confidential Information (D.I. 33) is hereby amended as follows:

a.  All material previously designated as "Confidential Material" under the Order shall remain designated as "Confidential Material" notwithstanding this Amendment. Only the designation of material previously designated as "Highly Confidential Material – Counsel of Record Only" ("AEO Material")

under the Order shall be possibly altered by the Amendment.  If by reason of this Amendment material previously designated as AEO Material is no longer deemed to be AEO Material, the material will remain subject to protection as "Confidential Material" under the Order.

b.  Confidential Material shall be protected as provided in the Order. However, in addition to the parties and their employees and officers who have a need to know the Confidential Material for purposes of this Litigation as provided in paragraph 5.C. of the Order, Confidential Material may also be disclosed to an employee or officer of a third party if that employee or officer is or will be personally involved in the trial preparation or the trial and is familiar with the provisions of the Order as required by paragraph 5.C. of the Order, but notwithstanding the foregoing, Confidential Material shall <u>not</u> be disclosed to any individual, or employee or officer of a third party, who has a need to know the Confidential Material for purposes of the Litigation only because such individual, employee or officer, or the third party of which they are an employee or officer, is an owner of, or an investor in, or a lender to a named party in the Litigation and they have, or it has, oversight of the Litigation as to such named party.

c.  Expert witness reports and expert witness testimony, including exhibits to those reports, shall be re-designated as "Confidential Material" and may be disclosed pursuant to the terms of this Amendment and the Order.  Except, however, the following exhibits shall remain designated as AEO Material:
    i.   Exhibits 3, 4, 5, 6. 7, 8, 9, and 10 to Mr. Rosenthal's Expert Witness Report
    ii.  Exhibit 11 to Mr. Rosenthal's Expert Witness Report
    iii. Exhibit 12 to Mr. Rosenthal's Expert Witness Report
    iv.  Exhibits 7, 8, 9, 10, 11, 12, 13, 14, and 15 to Mr. Rosenthal's Supplemental and Rebuttal Report
    v.   Exhibits 17b, 17c, and 17d to Mr. Rosenthal's Supplemental and Rebuttal Report
    vi.  Exhibits 18b, 18c, and 18d to Mr. Rosenthal's Supplemental and Rebuttal Report
    vii. Exhibits 19b, 19c, and 19d to Mr. Rosenthal's Supplemental and Rebuttal Report
    viii. Exhibits 20, 23, 24a, 24b, 25, 26, and 27 to Mr. Rosenthal's Supplemental and Rebuttal Report
    ix.  Exhibit 28 to Mr. Rosenthal's Supplemental and Rebuttal Report
    x.   Exhibit 29 to Mr. Rosenthal's Supplemental and Rebuttal Report
    xi.  Exhibits 2.1, 2.2, 2.3, 2.4, 3.3, to Ms. Elsten's 15 August 2016 report
    xii. Exhibits 2.2, 2.3, 2.4, 2.5, 2.6, and 5.1 to Ms. Elsten's 22 September 2016 rebuttal report
    xiii. AND exhibits having the same type of information as those listed in subparagraphs (i) through (xii) above and provided by the Experts with

their supplemental reports exchanged from the date of this Amendment through the completion of trial.

d.  Material previously designated as AEO Material and which is <u>not</u> deemed re-designated as merely Confidential Material under this Amendment ("AEO Trial Material") shall be protected as AEO Material as provided in the Order.

e.  Keyword listing reports and traffic reports for pay-per-click terms, and analytic data with respect to same, to the extent previously designated as AEO Material, shall, to the extent they either (a) pertain solely to keywords or pay-per-click terms incorporating the trademark terms of either party, or (b) consist of reports that pertain to keywords or pay-per-click terms not limited to the trademark terms of the parties but which are sorted or redacted to disclose only information as to keywords or pay-per-click terms incorporating the trademark terms of the parties, instead be deemed Confidential Material. For purposes of clarity by way of example, the Excel format keyword report marked as HMS 0100825, which, as produced, includes keywords used by Defendants other than those incorporating the trademark terms of either party, shall not be re-designated by this Amendment and may not be disclosed as Confidential Material, but if sorted for only the trademark terms of either party such that the resulting sorted version discloses only the trademark terms of either party or analytic data with respect to the same, the resulting sorted version shall be re-designated as Confidential Material and may be disclosed to the extent permitted by this Amendment and the Order.

f.  Keyword listing reports and traffic reports for pay-per-click terms, and analytic data with respect to same, to the extent previously designated as AEO Material, shall, to the extent they do not pertain to keywords or pay-per-click terms incorporating the trademark terms of the Receiving Party, or are not sorted to disclose only the trademark terms of either party or analytic data with respect to same, shall remain designated as AEO Material and shall be protected accordingly as provided in the Order.

g.  Data and documents, including the parties' consolidated and general level financial statements and mid – level financial statements, and data they contain, which has been previously designated as AEO Material shall instead be deemed Confidential Material except that:
    i.  detailed level data, trial balance and/or general ledger information, revenues for specific cruises or itineraries, and any specific advertising and marketing costs, marketing strategies and techniques, vendor identities, compilations of passenger names or travel agent names, and similar detail shall remain designated as AEO Material and shall be protected as AEO Material as provided in the Order, as modified by this Amendment.

h.  Deposition testimony and interrogatory answers in this case, to the extent previously designated as AEO Material, shall instead be deemed Confidential Material.

i.  Exhibits used in the examination of an adverse party by a Receiving Person in deposition shall be subject the rules set out in this Amendment.

j.  In the event any written material previously designated as AEO Material is admitted as an exhibit at trial, neither party will object to the request of the Designating Person for that material to seek to have the Court declare the material as confidential and not generally made available to the public.

k.  Except to the extent expressly amended by the Amendment, the Order shall remain in effect in accordance with its terms.

(3)  The parties shall each have the opportunity to file up to four (4) Motions *in Limine* as part of their pretrial submissions, each such Motion to not exceed three (3) pages of argument in length.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SCHNADER HARRISON SEGAL & LEWIS LLP |
|---|---|
| */s/ Stephen J. Kraftschik* | */s/ Richard A. Barkasy* |
| Jeremy A. Tigan (#5239) | Richard A. Barkasy (#4683) |
| Stephen J. Kraftschik (#5623) | Daniel M. Pereira (#6450) |
| 1201 N. Market Street | 824 N. Market Street, Suite 800 |
| P.O. Box 1347 | Wilmington, DE  19801 |
| Wilmington, DE  19899-1347 | (302) 888-4554 |
| (302) 658-9200 | rbarkasy@schnader.com |
| jtigan@mnat.com | dpereira@schnader.com |
| skraftschik@mnat.com | *Attorneys for American Queen Steamboat* |
| *Attorneys for American Cruise Lines, Inc.* | *Operating Company, LLC* |

September 14, 2018

SO ORDERED this ____ day of _____, 2018.

_____
United States District Judge

4