IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN CRUISE LINES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HMS AMERICAN QUEEN STEAMBOAT ) <br> COMPANY LLC, and AMERICAN QUEEN ) <br> STEAMBOAT OPERATING COMPANY, ) <br> LLC, ) <br> ) <br> Defendants. ) | C.A. No. 13-324 (RGA) |

## **[PROPOSED] VOIR DIRE TO JURY PANEL**

Pursuant to D. Del. LR 47.1(a)(2), Plaintiff American Cruise Lines, Inc. submits the attached proposed voir dire to the jury panel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Stephen J. Kraftschik*

Jeremy A. Tigan (#5239)
Stephen J. Kraftschik (#5623)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jtigan@mnat.com
skraftschik@mnat.com
  *Attorneys for American Cruise Lines, Inc.*

OF COUNSEL:

David McI. Williams
Michael R. Naccarato
GORMAN & WILLIAMS
36 S. Charles Street, Suite 900
Baltimore, MD 21201-3114
(410) 528-0600

September 20, 2018

## **VOIR DIRE**

Good morning, ladies and gentlemen. I am Judge Andrews. We are going to select a jury in a civil case called *American Cruise Lines v. American Queen Steamboat Company.*

I am going to ask you a series of questions to help the Court and the attorneys in the jury selection process. Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer any questions truthfully. (To Deputy, Please swear the panel).

If any of you answer "yes" to any of the questions that I ask, please raise your hand, and, when recognized by me, please stand, state your name and your jury number. At the end of the questions, the Deputy Clerk will ask some of you to take seats in the jury box, and, after that, the lawyers and I may ask those of you who answered "yes" to one or more questions to come up to the bench to discuss your answers with the lawyers and me.

The presentation of evidence in this case is expected to take 5 days, but jury deliberations could extend your service beyond that. The schedule that I expect to keep over the days of evidence presentation will include a morning break of fifteen minutes, a lunch break of an hour, and an afternoon break of fifteen minutes. We will start at 9:30 a.m. and finish no later than 5:00 p.m. each day.

1. Does the schedule that I have just mentioned present a special problem to any of you?

2. This case concerns the claims of both Plaintiff and Defendant that the branding and marketing of the adverse party creates a likelihood of confusion or actual confusion and therefore infringes their rights in their respective trademarks.

Plaintiff, American Cruise Lines, Inc. owns and operates a fleet of overnight passenger cruise vessels on domestic U.S. waterways, including the Mississippi River system and the Columbia and Snake River system. It does so under a registered trademark brand name, AMERICAN CRUISE LINES. It operates vessels with "*American*" as the first word of the vessel name and Plaintiff also has registered the names of those vessels as federal trademarks. Plaintiff has sued Defendants based on their selection and use of the brand name AMERICAN QUEEN STEAMBOAT COMPANY, and Defendants' renaming and operating vessels with "*American*" as the first word of the vessel name. Defendants deny Plaintiff's claims.

Defendants are related companies, HMS American Queen Steamboat Company LLC and American Queen Steamboat Operating Company, LLC. Defendants operate a riverboat named *American Queen* and other vessels with "*American*" as the first word of the vessel name and Defendants also have registered the names of those vessels as federal trademarks. Defendants have sued Plaintiff based on Plaintiff naming and operating vessels with "American" as the first word of the vessel name. Plaintiff denies Defendants' claims.

The jury in this case will he asked to decide issues of trademark infringement asserted by the parties, certain related factual matters, and certain claims for damages. For those of you who end up being on the jury, I will give more detailed instructions on the law later in the case.

Have any of you heard or read anything about this case?

3. The lawyers and law firms involved in this case are:

<u>Gorman and Williams</u>
David McI. Williams
Chares Simmons
Michael Naccarato
Robert Kline
Taylor Beckham
Ashley Ensor

<u>Morris, Nichols, Arsht & Tunnell LLP</u>
Jeremy Tigan
Stephen Kraftschik
Jeffrey Lyons

<u>Middleton Reutlinger</u>
Dennis Murrell
Brian McGraw

<u>Schnader Harrison</u>
Richard Barkasy
Daniel Pereira

Do any of you or your immediate families, such as spouse, child, parent, or sibling, know any of the attorneys or law firms I have just named?

4. Have any of you or any member of your immediate families had any business dealings with, or been employed by, any of these attorneys or law firms?

5. Have any of you or any member of your immediate families ever been employed by American Cruise Lines? Have you or any of you immediate families ever been employed by American Queen Steamboat Company or any affiliate of its, including Hornblower Marine?

6. Have any of you or any member of your immediate families ever had a business relationship with any of these companies?

7. Have any of you or any member of your immediate families ever had any experience, good or bad, with any of these companies, that might keep you from being a fair and impartial juror in this case?

8. Have any of you or any member of your immediate families ever worked in the vessel cruise industry?

9. Have you or any member of your families ever worked in the travel business in a capacity involving vessel cruising?

10. Have any of you or any member of your immediate families ever worked in the advertising industry?

11. Have any of you or any member of your immediate families ever worked in a digital or Internet marketing company?

12. Have any you or any member of your immediate families taken an overnight cruise on a vessel in the United States?

13. Have any of you or any member of your immediate families ever been involved in a dispute with a cruise company, travel agency, advertising company or digital marketing company.

14. Do you possess any opinions about either the Plaintiff or Defendant companies? that might keep you from being a fair and impartial juror in this case?

15. Companies that may be mentioned in the testimony in this case are:

**[Parties to provide updated list following pretrial conference].**

Are any of you familiar with any of these companies?

16. The potential witnesses in this case are:

Plaintiff's Witnesses
Charles A. Robertson
Charles B. Robertson
Susan Renner
John Waggoner
Diane Moore
Timothy Rubacky
Rick Simonson
Christopher Kyte
Jeff Krida
Eric Welter
Hans Birkholz
Mark Detillion
Jean-Raymond Pare
Robert Herre
Ted Sykes

Shawn Bierdz
John Pontius
Barbara Davis
Bob Salmon
Brian Seale
Jeremy Batson
Susan Shultz
Michelle Munro
Captain Henry Thorpe
Susan Whewell
Brad Csuka
Caitlin O'Dea
Kallie Biggs
Stephanie Callie
Liz O'Shaughnessy
Brenday Tolson
Chris Minoletti
Sheri Mruz
Richard Russel (address TBA)
Christine Duffy
Bruce Silverman
Peter Kent
Dr. Hal Poret
Chris Rosenthal
Gary Krugman
Vincent Van Oss
Cate Elsten
Timothy Rubacky
Leigh Strinsky
Mark Detillion
Mark Harrison
Tim Beebe
Dylan Bernstein

Defendant's Witnesses
John Waggoner
Robert Herre
Jeff Krida
Eric Welter
Shawn Bierdz
Basil Englis
Cate Elsten
Ted Sykes
Brian Seale
Christopher Kyte
Timothy Rubacky

        Rick Simonson
        Jeremy Batson
        Leigh Strinsky
        Jean-Raymond Pare
        Mark Detillion
        Diane Moore
        Hans Birkholz
        John Pontius
        Mark Harrison
        Charles A. Robertson
        Charles B. Robertson
        Tim Beebe
        Susan Shultz
        Dylan Bernstein
        Susan Renner
        Vincent Van Oss

Are any of you familiar with any of these potential witnesses?

17.    Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office?

18.    Have you or any member of your immediate family ever applied for, or obtained, a United States or foreign trademark?

19.    Have you or any member of your immediate family ever been involved in a dispute about trademark rights?

20.    Do you have any opinions about trademarks, trademark rights, or the United States Patent and Trademark Office that might make it difficult for you to be a fair and impartial juror in this case?

21.    Have you served on a jury in a civil case within the last fifteen years?

22.    If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

23.    If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

24.    Is there anything, such as poor vision, difficulty hearing, difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

This is the last question. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think you would like to tell me in connection with your service as a juror in this case?