## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN CRUISE LINES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-324 (RGA) |
| | ) |
| HMS AMERICAN QUEEN STEAMBOAT | ) |
| COMPANY LLC, and AMERICAN QUEEN | ) |
| STEAMBOAT OPERATING COMPANY, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **PRELIMINARY JURY INSTRUCTIONS**

1

| Instruction | Page |
|---|---|
| **PRELIMINARY JURY INSTRUCTIONS** …………………………………….... | 3 |
| Joint Preliminary Instruction No. 1: Introduction – Role of the Jury …………................................................... | 3 |
| Joint Preliminary Instruction No. 2: Description of Case ………………………………………………………..… | 4 |
| Joint Preliminary Instruction No. 3: Juror Conduct ……………… ……………………………………………….. | 6 |
| Joint Preliminary Instruction No. 4: Evidence Defined …………………………………………………….… | 8 |
| Joint Preliminary Instruction No. 5: Direct and Circumstantial Evidence …..................................................................... | 9 |
| Joint Preliminary Instruction No. 6: Credibility of Witnesses …………………………………………………...… | 10 |
| Joint Preliminary Instruction No. 7: Questioning of Witnesses and Taking of Notes ……………………………...…… | 11 |
| Joint Preliminary Instruction No. 8: Burdens of Proof …………………………………………..……………... | 12 |
| Joint Preliminary Instruction No. 9: Outline of Trial ………………………………………………………………. | 13 |

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 1
### *INTRODUCTION – ROLE OF JURY*

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 2
### *DESCRIPTION OF CASE*

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The party who brings a lawsuit is called the "Plaintiff."  In this case, the Plaintiff is American Cruise Lines, Inc.  For purposes of convenience, the Plaintiff will sometimes be referred to as "ACL".  ACL is an overnight passenger cruise company which operates overnight passenger cruises on coastal waters of the United States as well as on the Mississippi River and the Columbia and Snake Rivers. ACL owns a registered U.S. Trademark for the mark AMERICAN CRUISE LINES, among others. Plaintiff ACL filed a complaint against Defendant HMS.

The party against whom the lawsuit is brought is called the "Defendant." In this case, the Defendants are HMS American Queen Steamboat Company, LLC and American Queen Steamboat Operating Company, LLC.  The Defendants will sometimes collectively be referred to as "HMS".  HMS is also an overnight passenger cruise company which operates cruises on the Mississippi River as well as the Columbia and Snake Rivers. HMS owns registered U.S. Trademarks for the marks AMERICAN QUEEN and AMERICAN QUEEN STEAMBOAT COMPANY, among others.  HMS has also filed a counterclaim against ACL in this case. This makes HMS the "Counterclaim Plaintiff" and ACL the "Counterclaim Defendant."

ACL claims that HMS has infringed the registered trademarks owned by ACL for the tradename and brand mark AMERICAN CRUISE LINES through HMS's use of the company name and brand AMERICAN QUEEN STEAMBOAT COMPANY. ACL contends that the use of the name AMERICAN QUEEN STEAMBOAT COMPANY for a competing company is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of HMS's services and offerings. It is ACL's position that consumers are likely to believe that HMS and/or HMS's services and/or vessels are in some way affiliated with, or sponsored by, ACL.  ACL also contends that HMS's infringement is willful.  ACL further contends that it owns a family of "American" trademarks including ten vessel name marks each containing the word "American" as the first word of the vessel name.  ACL contends that HMS's use of the term "American" as the first word in the name of HMS's three more recently acquired vessels infringes upon ACL's family of "American" trademarks.

HMS denies those claims.  HMS contends that ACL cannot claim exclusive rights to the term "American" in the domestic overnight passenger cruising market and that ACL has not established a valid and protectable family of "American" marks.  HMS further denies that there is a likelihood of confusion based on HMS's use of the name AMERICAN QUEEN STEAMBOAT COMPANY.  HMS further contends that ACL gave it express permission to use the name AMERICAN QUEEN STEAMBOAT COMPANY or otherwise acquiesced to the use of the name or is estopped from objecting to HMS's use of the name.  HMS further contends that ACL has brought this lawsuit in bad faith and with unclean hands.  HMS contends that it owns registered trademark rights – acquired from previous owners of the vessel – for the term AMERICAN QUEEN which rights predate any rights alleged to be owned by ACL to the term

"American" or its alleged family of "American" trademarks. Further, HMS contends it obtained a federal trademark registration for the mark AMERICAN QUEEN STEAMBOAT COMPANY.

For its Counterclaim, HMS contends that ACL has infringed its rights to its federally registered AMERICAN QUEEN trademarks by recently naming vessels operating in direct competition with HMS's vessels using "American" as the leading term of the vessel name. HMS alleges that ACL's use of "American" vessel names in direct competition with its vessel names is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of ACL's services and offerings. It is HMS's position that consumers are likely to believe that ACL's similarly named boats on the same rivers are in some way affiliated with, or sponsored by, HMS. HMS contends that ACL's infringement is willful.

ACL denies HMS's claims. ACL contends that there are many vessels with "American" as the first word of the vessel name, that the scope of protection for any marks for HMS's vessels names is narrow, and that consumers generally make their purchasing decision based on the cruise line company brand name, not the vessel name. Further, ACL's expansion of its fleet of "American" named vessels is a natural expansion of ACL's offering of its itineraries.

Further, in response to HMS's Counterclaim, ACL contends that the AMERICAN QUEEN trademarks have been abandoned and that the assignment of the AMERICAN QUEEN mark was made without any transfer of business good will and is therefore invalid. ACL also contends that HMS began aggravating the confusion in the mark intentionally and in bad faith while this lawsuit has been pending.

If you determine that either side has infringed the others' trademark rights then you will decide whether the trademark owner is entitled to an award of monetary damages for the infringement.

In this case, you are going to decide issues according to the instructions I give you. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## JOINT PRELIMINARY INSTRUCTION NO. 3
### *JUROR CONDUCT*

A few words about your conduct as jurors.

First, during trial and until you have heard all of the evidence and retire to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for not having discussions, most important being the need for you to keep an open mind through the presentation of the evidence.

Many of you use cell phones, smart phones, and other portable electronic devices and computers to access the Internet to communicate with others. You must not talk to anyone about this case or use any of these tools to communicate electronically with anyone about this case. That includes your family and friends. You must not communicate orally with anyone about the case on your cell phone, your smart phone, or any kind of computer or device of any kind, and you also cannot use these devices to communicate electronically by messages or postings of any kind, including e-mail, instant messages, text messages, Twitter, blogs, Internet chat rooms, or social networking websites such as Facebook. You cannot do any of this during the trial.

If any lawyer, party, or witness does not speak to you in the hall or in the elevator, it is not because they are being rude. They are not supposed to talk or visit with you either. That is the reason you are asked to wear your juror tags. It shows you are someone who is not to be approached in any way.

Do not read or listen to anything related to this case that is not admitted into evidence. If there is some media report relating to this case, do not read it.

In addition, do not do any independent research or investigation on your own on matters relating to this case or this type of case. Do not do any research on the Internet, do not ask your friends who you think know more about this than you do or what they know about it. There will be quite a bit of complicated material, and it is up to the lawyers in this case to explain it to you so that you can comprehend it well enough to render a fair verdict.

You are going to have some questions about things. Hopefully those questions will be answered in the courtroom while the trial goes on. But if they are not answered in the courtroom, do not go looking for the answers somewhere else. If you hear a word that you do not understand, do not look it up in the dictionary to see what it means. Do not use websites or any other electronic tools to find out anything that could help you decide this case. You are to decide the case based upon the evidence presented at trial. Please do not try to find out information from any source outside the confines of this courtroom.

Do not reach any conclusions on the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial, it may be necessary for me to talk to lawyers outside of your hearing by having a sidebar.  If this happens, please be patient.  We are not trying to keep important information from you.  These sidebars are necessary for me to fulfill my responsibility, which is to be sure that evidence that is presented to you is properly presented to you under the law.  We will do what we can to keep the number and length of sidebars to a minimum.

## JOINT PRELIMINARY INSTRUCTION NO. 4
### *EVIDENCE DEFINED*

You must make your decision based only on the evidence that you will see and hear here in court.  Generally speaking, evidence from which are you are to find the facts consists of the following: the testimony of witnesses; documents and other things received as exhibits; and any facts that are stipulated, that is, formally agreed to by the parties.

The following things are not evidence: statements, arguments, and questions of the lawyers for the parties of this case; objections by lawyers; any testimony I tell you to disregard; and anything you may see or hear about this case outside the courtroom.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  This simply means the lawyer is requesting that I make a legal decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or my ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer to the question like any other.

If you are instructed that an item of evidence is received for a limited purpose, you must follow that instruction.

It is possible that I will order certain testimony or other evidence struck from the record. If I do so, you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

## JOINT PRELIMINARY INSTRUCTION NO. 5
### *DIRECT AND CIRCUMSTANTIAL EVIDENCE*

There are two kinds of evidence: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is indirect proof of a fact, i.e., proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, nor does it say that one type of evidence is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 6
### *CREDIBILITY OF WITNESSES*

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
2) the quality of the witness's understanding and memory;
3) the witness's manner while testifying;
4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

### JOINT PRELIMINARY INSTRUCTION NO. 7
*QUESTIONING OF WITNESSES AND TAKING OF NOTES*

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. My courtroom deputy will arrange for pens, pencils and paper. Your notes are for your own personal use. They are not to be read or given to your fellow jurors.

The court reporters will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or your fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory of that testimony during your deliberations.

Note-taking is permitted, but it is not required. If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

## JOINT PROPOSED PRELIMINARY INSTRUCTION NO. 8
### *BURDENS OF PROOF*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that what a party is claiming is more likely so than not so. To say it differently: if you were to put the evidence favorable to one side of the argument and the evidence favorable to the other side of the argument on opposite sides of the scales, the party with the burden of proof would have to make the scales tip somewhat on its side.

If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I say a particular party must prove something by "clear and convincing evidence", this is what I mean: When you have considered all the evidence in the case, you must have in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.

### JOINT PRELIMINARY INSTRUCTION NO. 9
*OUTLINE OF TRIAL*

The trial will proceed in the following manner.

Each side may make an opening statement. An opening statement is not evidence. It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, previously recorded testimony, and documents.

After the evidence has been presented, I will give you final instructions on the law that applies to the case. Then the attorneys will make closing arguments. These closing arguments by the attorneys are not evidence. After the instructions and closing arguments, you will then decide the case.