

824 N. MARKET STREET SUITE 800
WILMINGTON, DE 19801-4939
302.888.4554 FAX 302.888.1696 schnader.com

January 12, 2019

Daniel M. Pereira
E-mail: dpereira@schnader.com

**VIA EMAIL**

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 North King Street, Unit 9
Wilmington, DE 19801-3555

      Re: *American Cruise Lines, Inc. v. American Queen Steamboat Operating Company, LLC*, **Case No. 13-324 (RGA)**

Dear Judge Andrews,

    Attached is Defendants' redlined version of the proposed jury instructions. A summary of the issues and changes contained in the redline documents is set forth below. Defendants have no issues with the Court's proposed verdict form.

**Instruction No. 7.1.5: Abandonment – Elements – Intent Not to Resume Use**

    Defendants have submitted revised language to this instruction to reflect the Court's ruling on Plaintiff's motion *in limine* with respect to its argument that only the intent of Ambassadors matters in connection with the question of whether the AMERICAN QUEEN mark has been abandoned. In its ruling, the Court held that "Plaintiff argues that the statute codifying trademark abandonment makes the intent of the purchaser of a mark irrelevant. Its statutory interpretation is plainly wrong." D.I. 322, p. 2. Further, the Court adopted Defendants' position that the intent of those other than the trademark owner can be relevant to the abandonment analysis. *Id*., at 3.

    In the last paragraph of the instruction, it is stated that only the intent of Ambassadors is relevant to a Jury's determination of whether there was intent to resume use. This is inconsistent with the Court's prior ruling. Similarly, in the first paragraph, the instruction states that only the intent of the owner of the trademark is relevant to the Jury's determination of whether there was intent to resume or not resume use. Defendants' proposed revisions are intended to reflect the Court's prior ruling that the intent of the owner as well as a purchaser of the mark is relevant.

The Honorable Richard G. Andrews
January 12, 2019
Page 2

**Instruction No. 7.1.4: Abandonment – Elements – Non-Use**

Defendants have submitted revised language which reflects the ruling of the Court on both summary judgment (D.I. 258) and on the motions *in limine* (D.I. 322) as to what constitutes "use" for purposes of measuring the alleged 3-year non-use period. On this issue, the Court held as follows:

> "I have previously stated that Defendants' booking of cruises is critical evidence of the end of non-use of the trademark. I stand by that statement. Marketing and selling tickets are activities in the cluster of activities that amount to providing the service of 'passengers and goods by steamers.' These activities, if proven, would support a finding that Defendants were using the mark in commerce before the date the first cruise left the dock."

See D.I. 322, p. 5 (citing D.I. 258 at 34).

The current instruction as written could be confusing and/or misleading to the Jury and could allow Plaintiff to argue to the Jury that the only date that matters is the date in which Defendants began sailing the American Queen (i.e. April, 2012), as opposed to the date of first booking.

**Residual Goodwill Instruction**

Defendants have inserted a proposed instruction on the issue of whether residual goodwill may be considered in connection with the abandonment analysis for the AMERICAN QUEEN mark. Both parties had proposed competing residual goodwill instructions as both agree that the existence of residual goodwill is relevant to whether a mark has been abandoned. Defendants have proposed an alternative instruction on residual goodwill.

**Instruction No. 4.2: Likelihood of Confusion**

Defendants believe the term likelihood or likelihood of confusion needs to be clarified. Otherwise, the jurors may not understand whether likelihood of confusion means that there is a likelihood of confusion if one single consumer is likely to be confused or a "substantial" number of consumers.

Defendants have inserted language taken from the Seventh Circuit's pattern instruction no. 13.1.1.2.3, which reads as follows:

> "Plaintiff must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products."

The Honorable Richard G. Andrews
January 12, 2019
Page 3

The Seventh Circuit cites the following cases to support this language: *Peaceable Planet, Inc. v. TyInc.*, 362 F.3d 986, 992 (7th Cir. 2004); *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 173 (7th Cir. 1996); and *Libman Co. v. Vining Industries, Inc.*, 69 F.3d 1360, 1364 (7th Cir. 1995).

Defendants offer revised language to try and further define and/or clarify the meaning of "likelihood" or "likelihood of confusion."

**Minor Language Changes**

With respect to Instruction No. 4 – Trademark Infringement – Defendants believe the term "alleged" should be added before the word family in sentence (2). The current language could be read by the Jury to imply that ACL has already established a family of "American" trademarks.

Similarly, with respect to Instruction No. 5 – ACL Claims – Defendants have proposed to insert the word "alleged" prior to family to avoid the implication that Plaintiff has already established a protectable family of "American" trademarks.

**Proposed Deletions**

With respect to Instruction No. 2.5, Defendants believe the instruction should remain as it could be helpful for the Jury in distinguishing between a registered trademark and a common law trademark – both of which are and/or could be at issue.

Defendants agree that Instruction No. 2.6, related to incontestable trademark registrations, is unnecessary and can be deleted from the instructions.

Respectfully,

/s/ Daniel M. Pereira

Daniel M. Pereira
For SCHNADER HARRISON SEGAL & LEWIS LLP

cc:     Counsel of Record (by email)