IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN CRUISE LINES INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 13-324-RGA |
| | : | |
| HMS AMERICAN QUEEN | : | |
| STEAMBOAT COMPANY LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

The parties have asked me in a joint status report to set a further schedule in this case. (D.I. 353). I have put off doing this, inasmuch as the parties have had one trial on what I thought were the most important disputes; the jury liked neither of their cases, and I thought there might be a chance for the parties to resolve their differences in light of that outcome. But nothing in that regard has happened.

It appears that on July 12, 2019, new counsel entered their appearances for Plaintiff (D.I. 360), which would seem to indicate that Plaintiff decided the disappointing results of the first trial must be the responsibility of its trial lawyers rather than problems with the case.

I make the following observations on the joint status report.

It states that the parties "agree that additional briefing may be necessary." (D.I. 353 at 1). I take that to be briefing on what the remaining issues are. (In that regard, Plaintiff states that it has DTPA claims relating to "likelihood of confusion or misunderstanding as to the source of services offered by the parties." (*Id*. at 4). I thought that we all agreed that the DTPA claims would be resolved by the first trial, which covered the same factual issues. Maybe I am wrong.).

The parties disagree on whether there should be any further discovery other than any necessary updating due to the passage of time. I am not inclined to reopen discovery. The parties need to narrow the issues in dispute, not to expand them.

In terms of the length of the trial, Plaintiff states that "it was seriously prejudiced by the trial time limitations of the first trial." (D.I. 353 at 5). No support is offered for this statement. In my view, not only was there no prejudice, but Plaintiff's case (such as the lengthy and irrelevant background testimony of Plaintiff's founder) could have been trimmed without losing anything of value. Thus, I am inclined to think that Defendant's estimate of the required time is a lot closer to being reasonable than is Plaintiff's.

I am not sure what to make of the fact that both sides seem to want to try a smorgasbord of issues all at once. It seems calculated to try to confuse a jury. The parties need to decide what their priorities are. Thus, either the parties need to drop some of their claims, or they need to decide which ones to put forth in the next trial, and which to save for the third trial.

Thus, I would appreciate it if the parties would meet and confer and then submit a proposed schedule for briefing whatever they think needs to be briefed. I would also ask that the parties propose how to separate the various issues into discrete parts that could logically be tried together.

IT IS SO ORDERED this 15 day of October 2019.

*Richard G. Andrews*
United States District Judge